
FILED
SUPERIOR COURT
OF GUAM

2019 SEP 23 PM 2:43

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DAVID LUJAN and ANNA B. LUJAN, | CIVIL CASE NO. CV0818-10 |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER** |
| CALVO FISHER & JACOB LLP f/k/a CALVO & CLARK, LLP, a Guam Limited Partnership, and DOES 1 through 100, | |
| Defendants. | |

## INTRODUCTION

This matter comes before the Honorable Judge Arthur Barcinas upon Judgment and Mandate issued by the Supreme Court of Guam on January 22, 2019, vacating and remanding the Court's Decision and Order on the Plaintiffs' Motion to Amend and Supplement filed November 10, 2015. Attorneys James M. Maher and Delia Lujan Wolf represented the Plaintiffs David Lujan and Anna B. Lujan ("Plaintiffs" or "the Lujans"). Attorneys Duncan G. McCully and Edward Swanson represented the Defendant Calvo Fisher & Jacob LLP ("Defendant" or "CFJ"). For the reasons set forth below, the Plaintiffs' Motion to Amend and Supplement with regard to the Plaintiffs' proposed amendment asserting a legal malpractice claim in contract is **DENIED**.

## BACKGROUND

The case history and pertinent facts in support of Plaintiffs' Motion to Amend and Supplement have been fully articulated and sequenced in great detail throughout the parties'

pleadings, the Court's Decision and Order, and the Opinion issued in the instant matter by the Supreme Court of Guam. See Mtn. to Amend. (Nov. 10, 2015); see also Opp'n (Dec. 14, 2015); see also Decision and Order (Mar. 21, 2016); see also Lujan v. Calvo Fisher & Jacob LLP, 2018 Guam 27. Thus, the Court finds that it is not necessary to reiterate the facts of this matter in its entirety and will only address the facts as it relates to the narrow issue on remand, that is, the Plaintiffs' proposed amendment asserting a legal malpractice claim in contract.

The Plaintiffs seek to amend their Complaint and supplement paragraph 46 under Count 1 alleging Legal Negligence. The proposed amendment alleges that CFJ committed malpractice in preparing the complaint in *Lujan v. Girardi Keese, et al.*, Civil Case No. CV0776-09 ("the Girardi Action") specifically as follows:

> Calvo & Clark breached [its] duty by their failure to provide skillful and competent representation, by providing erroneous legal advice, by conducting inadequate legal research, by drafting a complaint that contained causes-of-action that were either not recognized on Guam or were subject to immunity defenses which in turn resulted in dismissal. . . . This breach directly and proximately caused the Plaintiffs to expend unnecessary sums of money on an action that the court dismissed before an answer had been filed and any substantive discovery had been conducted.

Proposed Compl., ¶ 46.

Paragraph 47 of the Proposed Amended Complaint proceeds to allege that "[a]s a direct and proximate result of the breaches, Plaintiffs suffered and continue to suffer damages." Id, at ¶ 47. These allegations were re-alleged and incorporated into Plaintiffs' breach of contract claim. See Id, at ¶¶ 48-50.

On March 21, 2016, the Court issued its Decision and Order denying Plaintiffs' Motion to Amend and Supplement, finding that Mr. Lujan could not state a claim for malpractice. See Decision and Order (Mar. 21, 2016). Specifically, this Court held that the Plaintiffs failed to allege and could not allege cognizable damages because: 1) the dismissal of the Girardi Action did not constitute harm for the purpose of a malpractice claim, and 2) the monies paid to CFJ and successor counsel were not recoverable malpractice damages. Id. The Plaintiffs timely appealed. On December 28, 2018, the Supreme Court of Guam held that while this Court

analyzed the Plaintiffs' proposed amendment as a tort claim, the Court abused its discretion in denying Plaintiffs' Motion to Amend and Supplement by failing to also address the Plaintiffs' proposed legal malpractice claim in contract claim. See Lujan v. Calvo Fisher & Jacob LLP, 2018 Guam 27. Accordingly, the Supreme Court remanded the matter to address Plaintiffs' proposed amendment asserting a legal malpractice claim in contract. Id, at ¶ 17.

## DISCUSSION

### I.      Motion to Amend

As a preliminary matter, Guam law provides, that "[u]pon motion of a party, the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Guam R. Civ. P. 15(d). The factors the Court may consider when ruling on a motion to amend or supplement include the presence or absence of undue delay, bad faith . . . undue prejudice to the opposing party . . . or *futility* of the proposed amendment. See Guam R. Civ. P. 15(a) (emphasis added); see also see also M Elec. Corp., 2016 Guam 35 ¶ 42 (citing Forman v. Davis, 371 U.S. 178, 182). As the Supreme Court of Guam explained in their Opinion on the instant matter, "[a] motion to amend is futile when the complaint as amended would be subject to dismissal." Lujan, 2018 Guam 27 ¶ 13 (citations omitted). In other words, in determining futility, a court must analyze the proposed amendment similar to that of motion to dismiss. Id. (citing Krainski v. Nevada ex rel. Bd. Of Regents of Nev. Sys. Of Higher Educ., 616 F.3d 963, 972 (9th Cir. 2010). Thus, in doing so, the court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the pleading party. First Hawaiian Bank v. Manley, 2007 Guam 2 ¶ 9. The court must then look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Lujan, 2018 Guam 27 ¶ 13 (citing Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007).

Upon remand, this Court ordered the parties to submit supplemental briefing addressing the outstanding issues identified in the Supreme Court of Guam's Opinion and Judgment in Lujan, 2018 Guam 27. The parties were encouraged to rely solely on the evidence previously

presented, and reference only those exhibits already submitted, if the parties determine that the Court can reach a sound decision based on the current record. See Order (May 9, 2019). If the parties however, determined new or supplemental evidence was needed to respond to the narrow issue on remand, the Court gave the parties an opportunity to supplement the record by evidentiary hearing. Neither party however, thought an evidentiary hearing was necessary and chose to rely solely on the current record before the Court.

## II.   Plaintiffs' Legal Malpractice Claim in Contract

The Supreme Court of Guam, in applying California jurisprudence to legal malpractice claims, now recognizes causes of action for legal malpractice in both tort and in contract. See Lujan, 2018 Guam 27 ¶ 15. In analyzing claims for legal malpractice, the Supreme Court of Guam has cited several California cases as persuasive authority. See Gayle v. Hemlani, 2000 Guam 25 ¶¶ 27-30, 45. Thus, this Court will similarly rely on California case law.

Generally, the elements of a claim for legal malpractice are: (1) an attorney-client relationship; (2) a negligent act or omission; (3) causation; and (4) damages. Kuriniju v. Hanna & Morton, 55 Cal. App. 4th 853 (Ct. App. 1997). Application of a legal malpractice claim however, is complicated by the *hybrid contract-tort nature* of such claims. Jackson v. Rogers & Wells, 210 Cal. App. 3d 336, 342 (Ct. App. 1989) (emphasis added). As the Supreme Court of California explained in Neel:

> Legal malpractice consists of the failure of an attorney to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake. When such failure proximately causes damage, it gives rise to an action in tort. Since in the usual case, the attorney undertakes to perform his duties pursuant to a contract with the client, the attorney's failure to exercise the requisite skill and care is also a breach of an express or implied term of that contract. Thus legal malpractice generally constitutes both a tort and a breach of contract.

Neel v. Magana, Olney, Levy, Cathcart & Gelfand, 6 Cal.3d 179, 180-181 (1971).

Simply put, legal malpractice can be a claim either in tort or in contract, depending on the circumstances. See Orrick Herrington & Sutcliffe LLP v. Superior Court, 107 Cal. App. 4th 1052, 1060 (2003). Here, the Plaintiffs breach of contract claim alleges Mr. Lujan was damaged

by the dismissal of the Girardi Action and by an alleged overpayment of fees to CFJ. However, as the Defendants' argue, the Plaintiffs' breach of contract action fails for the same reasons this Court found the tort cause of action failed – failure to allege causation and damages.

First, a plaintiff alleging legal malpractice must prove a "case-within-a-case." Mattco Forge, Inc. v. Arthur Young & Company, 52 Cal. App. 4th 820, 831-37 (1997). In other words, a malpractice plaintiff must show that, "but for" the negligence of the attorney, he could have obtained a better result in the underlying action. Orrick Herrington, 107 Cal. App. 4th 1052, 1057 (2003). The purpose of this requirement is "to avoid damages based on pure speculation and conjecture. Id.; see also Budd v. Nixen, 491 P. 2d 433 (1971) (breach of a lawyer's duty that only causes nominal damages or speculative or uncertain harm does not support a malpractice cause of action). Thus, before Plaintiff can claim damages based on the dismissal of the Girardi complaint, Plaintiff must also allege causation, *i.e.*, that but for CFJ's breach, Plaintiff would have obtained a better result or, in other words, would have prevailed in the Girardi Action.

Here, the Plaintiffs accuse the Defendant of committing malpractice by failing "to provide skillful and competent representation, by erroneous legal advice, by conducting inadequate legal research, by drafting a complaint that contained causes-of-action that were either not recognized on Guam or were subject to immunity defenses which resulted in dismissal." Proposed Compl., at ¶ 46. This is an allegation that the Defendant negligently asserted causes of action that, if the court in the Girardi Action was correct, Mr. Lujan never had in the first place. Put another way, Mr. Lujan alleges CFJ's breach consisted of bringing meritless claims that had no chance of succeeding from the start. Further, the Plaintiffs have not alleged and do not allege that but for CFJ's alleged breach, a better outcome would have resulted. See Orrick Herrington, 107 Cal. App. 4th 1052, 1057 (2003). Accordingly, because the Plaintiffs do not and cannot allege that they would have obtained a better result but for CFJ's alleged breach, Plaintiffs' malpractice claim is thus, not any more cognizable in contract than it was in tort. See Decision and Order (Mar. 21, 2016).

Second, the Plaintiffs allege two types of monetary injury: 1) the money paid to the Defendant for allegedly negligent legal work; and 2) the money paid to subsequent counsel after the discharge of the Defendant. Even assuming *arguendo* that the Defendant's representation of Mr. Lujan in the Girardi Action was negligent, Plaintiff still cannot state cognizable damages in a legal malpractice in contract action. As the Court expounded on in its March 21, 2016 Decision and Order, attorney's fees paid to an allegedly offending attorney or successor counsel are not recoverable as malpractice damages unless the fees are paid to correct an error of discharged counsel. See Orrick Herrington, 107 Cal. App. 4th 1052 (2003). While it is true that the Orrick court allowed the plaintiff's breach of contract claim to proceed, it clearly distinguished that claim as a *fee dispute*. See Id. at 1054 (emphasis added); see also Tana v. Professionals Prototype I Ins. Co., 47 Cal. App. 4th 1612, 1617 (1996) (fee disputes are separate and distinct from a malpractice in contract claim).

Here, as this Court previously recognized in its March 21, 2016 Decision and Order, Mr. Lujan has consistently argued in favor of the causes of action set forth in the Girardi Complaint drafted by the Defendant, through pleadings, motion memoranda, and oral argument before the Superior Court, and now in a specially granted interlocutory appeal to the Supreme Court. See Decision and Order (Mar. 21, 2016). The Plaintiffs, upon discharging the Defendant, were not obliged to actively oppose the Girardi Action defendant's efforts to dismiss those causes of action, and to incur fees owed to new counsel to do so. Nor were Plaintiffs obliged to appeal the Girardi court's dismissal of those causes of action to the Supreme Court of Guam. The Court notes the discrepancy between the Plaintiffs' argument that the Defendant's malpractice forced Mr. Lujan to spend money to engage new counsel, with the events of the Girardi Action, where Mr. Lujan has continued to make the arguments first made on his behalf by the Defendant. In other words, following the discharge of the Defendant, Plaintiffs' legal expenditures in the Girardi Action have not been made to "untangle the [D]efendant's error." See Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison, 958 P.2d 1062 (Cal. 1998). Thus, the expenditures have been made voluntarily, to carry out a legal strategy that depends on arguing

that the causes of actions in the Girardi complaint, drafted by the Defendant, were valid and properly pleaded all along.

Accordingly, the Plaintiffs have not and cannot claim damages that are cognizable in an action for legal malpractice in contract. The expenditure of legal fees, first to the Defendant itself, and then to successor counsel, do not amount to actual loss or damage resulting from the attorney's breach. Thus, the Plaintiffs cannot state a claim for legal malpractice in contract, so amendment of the complaint is futile.

Further, in response to the Court's order for supplemental briefing on remand, the Plaintiff offered, at best, a conclusory assertion that "because of [CFJ's] negligently-pled complaint on the Lujans' behalf, unnecessary litigation resulted." See Pl.'s Response and Supp. Brief (Jun. 7, 2019). Without more, the arguments advanced do not satisfy the elements necessary to establish the Plaintiffs' claim for legal malpractice in contract.

Finally, the Court acknowledges Defendant's Second Request for Judicial Notice in Support of Submission on Remand filed June 19, 2019. However, the Court notes that the Defendant's submission, in advancing their *res judicata* argument, goes beyond the narrow scope of this remand and is nonetheless, not necessary to the resolution of this matter. Thus, the Court need not and does not address the Defendant's alternative arguments contained in their supplemental briefs.

### CONCLUSION

For the reasons set forth above, the Plaintiffs' Motion to Amend and Supplement is **DENIED** as futile.

IT IS SO ORDERED **SEP 2 3 2019** .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

Page 7 of 7